# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH P. LA PERE,
        Petitioner,

v.                                  Case No. 08C0138

JODINE DEPPISCH, Warden,
Fox Lake Correctional Institution,
        Respondent.

## DECISION AND ORDER

Pro se petitioner Joseph P. La Pere, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 state court burglary conviction on the ground that the state courts violated his Fourth Amendment rights by denying his motion to suppress evidence obtained through a search of his home. The facts are as follows: in May 2004, Dolores Couillard told police that she resided with petitioner, that he kept stolen property at the residence and that she consented to a search of the premises. Police searched the house, discovered and subsequently seized the stolen property and arrested petitioner.

Petitioner moved to suppress the evidence resulting from the search. The circuit court held a hearing on the motion and denied it, concluding that Couillard had apparent authority to consent to the search. Petitioner then pleaded no contest to a burglary charge and was found guilty. He then appealed the circuit court's denial of his motion to suppress. The state court of appeals affirmed, holding as follows:

> ¶2    Police officers initially entered LaPere's home at the invitation of Dolores Couillard, who represented herself as a co-tenant. LaPere argues that Couillard lacked authority to consent to a

> search because she had moved out five days before she consented to the search, her belongings had been removed, her keys had been returned to LaPere, her name did not appear on the lease and she did not pay rent or bills. That argument fails for two reasons. First, it relies on a misstatement of facts. Second, the officers reasonably relied on Couillard's apparent authority to consent to the search.
>
> ¶3 Some of Couillard's possessions were still in the house at the time she invited the police to search the residence. LaPere acknowledged that fact when he testified that he instructed Couillard not to pick up her remaining belongings if he was not present. In addition, at the time Couillard invited the officers to search the residence, she had keys.
>
> ¶4 Considering the totality of the circumstances, Couillard had apparent authority to consent to the search. See State v. Tomlinson, 2002 WI 91, ¶31, 254 Wis. 2d 502, 648 N.W.2d 367. The validity of the consent must be judged against an objective standard: "Would the facts available to the officer at the moment warrant a man of reasonable caution in the belief that the consenting party had authority over the premises?" Illinois v. Rodriguez, 497 U.S. 177, 188 (1990). The police had contact with Couillard at the residence five days before the initial intrusion when they were dispatched to check on her welfare. Five days later, Couillard went to the police station and informed officers that LaPere possessed stolen property in the house. She indicated she had been living in the home with LaPere for approximately one year with her children and left the residence because she was afraid for her family's safety. The police ascertained that Couillard continued to maintain personal items in the home and still possessed keys. Under these circumstances, a reasonable person would have believed Couillard had common authority over the premises and could validly consent to a search.

(Resp't's Ex. E at 2-3.) The state supreme court declined petitioner's request for further review.

Petitioner cannot prevail in the present action unless he can show that the state courts did not give him an opportunity to fully and fairly litigate his Fourth Amendment

2

claim. Terry v. Martin, 120 F.3d 661, 663 (7th Cir. 1997) (citing Stone v. Powell, 428 U.S. 465, 482 (1976)). An accused receives such an opportunity (1) if he is able to clearly inform the state court of the factual basis for the claim and argue that the facts constitute a violation of his Fourth Amendment rights; (2) the state court carefully and thoroughly analyzes the facts; and (3) applies the proper constitutional case law to the facts. Hampton v. Wyant, 296 F.3d 560, 563 (7th Cir. 2002). The state court need not decide the Fourth Amendment issue correctly. Cabrera v. Hinsley, 324 F.3d 527, 530-31 (7th Cir. 2003).

In the present case, petitioner was afforded the opportunity to fully and fairly litigate his Fourth Amendment claim. He filed a motion to suppress, and the circuit court held a hearing on it, considering the evidence and the arguments proffered. The court also applied the appropriate constitutional law. The state court of appeals reviewed the circuit court's decision and the parties' arguments and also applied the correct constitutional case law. Petitioner argues that for a variety of reasons, the state courts erred in denying his motion to suppress. However, even if this is so, as previously indicated, it is not a ground on which I am authorized to grant habeas relief. See Stone, 428 U.S. at 482.

**IT IS THEREFORE ORDERED** that petitioner's application for federal habeas relief is **DENIED** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 9 day of June, 2009.

/s
LYNN ADELMAN
District Judge